UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
BEVERLY JOHNSON,

                      Plaintiff,

            - against -

AIRWAY CLEANING CO.
at JFK AIRPORT,

                    Defendant.
---------------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

12 Civ. 4306 (BMC)

**COGAN,** District Judge.

Plaintiff *pro se* brings this complaint against her former employer under Title VII, 42 U.S.C. §§ 2000e – 2000e-17, and New York State Executive Law §296 arising from alleged discrimination relating to her employment, which was terminated on January 2, 2008. She is an unfortunate person in a desperate situation, living in a homeless shelter with her son at present. Plaintiff has filed an administrative complaint, a prior lawsuit in New York City Civil Court, and has contacted local politicians and media outlets about her situation. Defendant has moved to dismiss the instant case on several grounds: untimeliness, *res judicata*, election of remedies, and failure to state a claim. I need not reach the latter three grounds because the first one is dispositive and the motion to dismiss must be granted.[1]

---

[1] I will note that defendant's reliance on *res judicata* is misplaced, and arises out an ambiguity that defendant created in the state court. Defendant's notice of motion in the state court action purported to rely on N.Y. C.P.L.R. § 3211(a) (motion to dismiss), but the affidavit in support of the motion invoked both that statute and C.P.L.R. § 3212 (summary judgment). The state court granted the motion based on failure to state a claim, under C.P.L.R. § 3211(a)(7). Under New York law, which determines the effect of the New York City Civil Court judgment in this Court, see 28 U.S.C. § 1738, such determinations are not entitled to preclusive effect, see DDR Constr. Servs, Inc. v. Siemens Indus., Inc., 770 F. Supp. 2d 627 (S.D.N.Y. 2011).

## BACKGROUND

The first challenge in addressing this action is understanding plaintiff's complaint. It is, of course, axiomatic that a *pro se* plaintiff's complaint must be considered in its most favorable light, with all inferences drawn in plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471 (2d Cir. 2006). In attempting to do this, I have considered not only the complaint, but also its attachments and the two responses that plaintiff has submitted in opposition to defendant's motion to dismiss. None of plaintiff's own attempts to explain her claim shed any light on it; they almost entirely pertain to things that have happened to her at the hands of others, not defendant, after her termination, and they do not state a single fact or even allegation of illegal animus against her by defendant. Plaintiff, in her own writings, simply states that she has been terminated, and needs her job back. Indeed, plaintiff did not even check any of the statutes on the *pro se* complaint form which would give some indication of the nature of her claim.

Plaintiff has, however, annexed to her complaint a decision by the State Division of Human Rights ("SDHR") denying her administrative claim. Since it appears that the SDHR decision must have been based on some earlier submission or interview plaintiff gave that agency, I am considering those statements as part of her complaint. Plaintiff's claim appears to be that while employed in a position with defendant that involved the cleaning of airplanes at JFK airport, she was discriminated against on the basis of her national origin and gender and subjected to a sexually hostile work environment. Specifically, SDHR summarized plaintiff's allegation this way: defendant favors West Indian workers over African-American workers (plaintiff belongs to the later classification). As examples, plaintiff alleged to SDHR that, on her

first day, her West Indian supervisor asked her if she was American or if her ancestors were American; one of her West Indian co-workers dirtied the plane that plaintiff was assigned to clean; and another West Indian co-worker was rude to her. She also related an incident to SDHR about rude actions that her supervisor took towards a Hispanic co-worker and a white co-worker. Finally, as to her hostile work environment claim, plaintiff offered SDHR an example of two male co-workers reading pornographic magazines; a sexually suggestive remark and gesture by her supervisor towards a co-worker; and a sex act between two other co-workers.

On November 4, 2008, SDHR denied plaintiff's claim on the merits after conducting an investigation and determining that there was no probable cause to support her claims. Rather, it found that plaintiff had been terminated because she had cursed at her supervisor and because her performance was unsatisfactory. As is its practice, SDHR advised plaintiff of the 60-day time limit for filing an Article 78 proceeding, and that her claim had been dual-filed with the Equal Employment Opportunity Commission ("EEOC"). On February 9, 2009, apparently without further submissions, the EEOC issued plaintiff a right-to-sue letter, adopting SDHR's findings and advising plaintiff of the 90-day time limit for seeking judicial review of her Title VII claims.

Plaintiff did not comply with either the state or the federal filing requirements. Instead, more than two years later, on May 20, 2011, plaintiff commenced an action in New York City Civil Court. After oral argument on defendant's motion to dismiss on a variety of grounds, the Civil Court granted defendant's motion to dismiss for failure to state a cause of action in a written decision dated February 27, 2012. Plaintiff then commenced this action on August 23, 2012.

3

## DISCUSSION

"In order to be timely," a complaint asserting claims under Title VII, "must be filed within 90 days of the claimant's receipt of a right-to-sue letter." Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996) (citing 42 U.S.C. § 2000e–5(f)(1)). Accord Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 104 S. Ct. 1723 (1984). There can be no dispute that plaintiff failed to file within this period. She received her EEOC right-to-sue letter on or about February 9, 2009, and this action was not filed until August 23, 2012. The right-to-sue letter specifically advised her that she had 90 days to commence this action.

I have considered whether there are any grounds to equitably toll this limitations period. Although the 90-day filing requirement is "akin to a statute of limitations," see Vollinger v. Merrill Lynch & Co., Inc., 198 F. Supp. 2d 433, 440 (S.D.N.Y. 2002) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S. Ct. 1127 (1982)), and is "not to be disregarded by courts out of a vague sympathy for particular litigants," Brown, 466 U.S. at 152, 104 S. Ct. at 1726, it is subject to the doctrine of equitable tolling. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 111 S. Ct. 453 (1990). "However, equitable tolling is appropriate only in [] rare and exceptional circumstance[s] in which a party is prevented in some extraordinary way from exercising his rights." Zerilli–Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (internal citations and quotation marks omitted). "Federal courts have typically extended equitable relief only sparingly," and "have been much less forgiving . . . where the claimant failed to exercise due diligence in preserving [her] legal rights." Irwin, 498 U.S. at 96, 111 S. Ct. at 457-58.

Plaintiff has not requested equitable tolling, but given her lack of sophistication as evidenced by her submissions, I think it would be too much to expect her to have any familiarity

4

with this legal principle. Nevertheless, she was on notice that defendant was asserting that she filed this action more than three years too late, and it is not too much to have expected her to explain why she did not meet the deadline set forth in the EEOC right-to-sue letter.

It may be, in fact, that plaintiff's references to living in a homeless shelter reflect an attempt to respond to that argument. If so, the attempt is not adequate. Although it is conceivable that relocation to a homeless shelter might warrant some period of equitable tolling, since it is a circumstance beyond plaintiff's control that could affect her ability to file this action, I cannot find that the requisite exceptional circumstances have been shown. For one thing, plaintiff has not offered any dates regarding any relocation, nor even stated that there was a relocation, so I cannot find that it affected her ability to timely file. Nor does plaintiff tie her residence in the shelter to an inability to file this action; indeed, the fact that she has succeeded in filing it despite her residence leads to the conclusion that her residence was not an insurmountable barrier. Most importantly, while some period of equitable tolling due to an involuntary residence disruption might be appropriate, I cannot imagine how it would impair plaintiff's ability to file her complaint for over three years after the filing deadline. Equitable tolling is thus not appropriate on the showing that plaintiff has made, no matter how broadly I construe her submissions.

## CONCLUSION

Defendant's motion to dismiss [9] is granted, and the complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

signed electronically/Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
      October 29, 2012